UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

RECEIVED
2006 MAY 12 A 11: 20
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROY EDWARD OLIVER AND         *
MICHAEL ANTHONY SOZA,
   Plaintiffs

vs •                           *

                                  Jury Trial Demanded
                                  Case Number 1:06cv430-WHA

THE CITY OF DOTHAN, ALABAMA    *
DOUGLAS JOHNSON,

   Defendants.                 *

## COMPLAINT

### Statement of the Parties

1. This is an action for money damages against Douglas Johnson, a police officer of the City of Dothan, Alabama, and other diverse officers whose names are unknown in both their individual capacities and their official capacities as police officers, and as agents and employees of the City of Dothan, Alabama. This is also an action against the City of Dothan, Alabama a municipal corporation. The acts complained of were performed under color of state law.

2. The plaintiff Roy Edward Oliver, hereinafter plaintiff Oliver, was at the time of the events made the basis of the complaint a military police officer assigned to Ft. Rucker, Alabama and the plaintiff Michael Anthony Soza was also a military police officer assigned to Ft. Rucker, Alabama. Both of the plaintiff's have been discharged from the armed services and neither resides in the State of Alabama at the time of the filing of this complaint.

### Statement of Jurisdiction

3. Claims are asserted pursuant to 42 U.S.C. 1983, and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon

1

28 U.S.C. §§1331, 1332 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

4. The amount in controversy exceeds Fifty Thousand ($75,000.00) Dollars excluding interest and costs.

## Causes of Action

### COUNT I

5. Plaintiff Oliver shows unto the court that on or about the 16th day of May 2004 the City of Dothan had either an express or tacit policy which permitted the unlawful use of force by its police officers. As a direct and proximate result of the policy of the defendant City of Dothan, Plaintiff Oliver was subjected to the use of excessive, unreasonable and unlawful force and was injured as a result thereof. The policy of the City of Dothan allowing the use of excessive, unreasonable and unlawful force in violation of the 4th Amendment to the Constitution of the United States as applied to the states by the 14th Amendment was established and maintained under color of state law.

6. Plaintiff Oliver suffered humiliation, physical injury, embarrassment, pain and suffering as a consequence of the policy of the City of Dothan, Alabama permitting the use of excessive, unreasonable and unlawful force.

Wherefore plaintiff Oliver demands judgment against the City of Dothan, Alabama in a sum reasonably calculated to compensate him for his injuries and damages. Plaintiff further prays for the award of costs, expenses of litigation and attorney fees as permitted by 42 U.S.C. 1988.

## COUNT II

7.  Plaintiff Soza shows unto the court that one or about the 16th day of May 2004 the City of Dothan had either an express or tacit policy which permitted the unlawful use of force by its police officers. As a direct and proximate result of the policy of the defendant City of Dothan, plaintiff Soza was subjected to the use of excessive, unreasonable and unlawful force and was injured as a result thereof. The policy of the City of Dothan allowing the use of excessive, unreasonable and unlawful force in violation of the 4th Amendment to the Constitution of the United States as applied to the states by the 14th Amendment was established and maintained under color of state law.

8.  Plaintiff Soza suffered humiliation, physical injury, embarrassment, pain and suffering as a consequence of the policy of the City of Dothan, Alabama permitting the use of excessive, unreasonable and unlawful force.

Wherefore plaintiff Soza demands judgment against the City of Dothan, Alabama in a sum reasonably calculated to compensate him for his injuries and damages. Plaintiff further prays for the award of costs, expenses of litigation and attorney fees as permitted by 42 U.S.C. 1988.

## COUNT III

9.  On or about the 16th day of May 2004 defendant Johnson and other police officers of the City of Dothan, Alabama committed an assault and battery upon plaintiff Oliver by striking him, placing a knee in his back and by using a tazer weapon against him while acting within the line and scope of their employment. At the time the above described

actions were taken against plaintiff Oliver he was hand-cuffed.

10.   As a direct and proximate result of the assault and battery committed by defendant Johnson and other Dothan City police officers Plaintiff Oliver suffered humiliation, physical injury, embarrassment, pain and suffering.

Wherefore plaintiff Oliver demands judgment against the City of Dothan, Alabama and Defendant Johnson in a sum reasonably calculated to compensate plaintiff Oliver for his injuries and damages and such sum as punitive damages against Defendant Johnson as may be necessary to deter him and others similarly situated from engaging in similar unlawful conduct.

## COUNT IV

11.   On or about the 16th day of May 2004 defendant Johnson a police officer of the City of Dothan, Alabama committed an assault and battery upon plaintiff Soza by spraying him with a gas such as mace and forcing him to the ground while acting within the line and scope of his employment. At the time of the assault and battery committed by the defendant Johnson, when he sprayed him with the chemical spray, plaintiff Soza had his hands in the air above his head.

12.   As a direct and proximate result of the assault and battery committed by defendant Johnson plaintiff Soza suffered humiliation, physical injury, embarrassment, pain and suffering.

Wherefore plaintiff Soza demands judgment against the City of Dothan, Alabama and Defendant Johnson in a sum reasonably calculated to compensate plaintiff Oliver for his injuries and damages and such sum as punitive damages against Defendant Johnson

4

as may be necessary to deter him and others similarly situated from engaging in similar unlawful conduct.

                                                                              Respectfully submitted,

                                                                              Charles N. Reese
                                                                              Reese & Reese Attorneys
                                                                              Attorneys for Plaintiff
                                                                              P.O. Drawer 250
                                                                              Daleville, Alabama 36322
                                                                              334-598-6321


## JURY DEMAND

Comes the Plaintiff in the above styled cause and demands trial by struck jury for all counts of the complaint.

                                                                              Charles N. Reese
                                                                              Reese & Reese Attorneys
                                                                              Attorneys for Plaintiff
                                                                              P.O. Drawer 250
                                                                              Daleville, Alabama 36322
                                                                              334-598-6321