IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROY EDWARD OLIVER and MICHAEL ANTHONY SOZA, | ) ) ) |
| PLAINTIFFS, | ) ) |
| v. | ) )    CASE NO. 1:06CV430-WHA |
| THE CITY OF DOTHAN, ALABAMA, and DOUGLAS JOHNSON, | ) ) ) ) ) |
| DEFENDANT. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Comes now the Defendant City of Dothan, Alabama and respectfully submits the following response to the Plaintiffs' Amended Complaint as follows:

## STATEMENT OF THE PARTIES

1.  The Defendant City of Dothan admits Douglas Johnson was employed by the Defendant City of Dothan as a police officer. Defendant City of Dothan denies that Douglas Johnson is currently employed as a police officer with the City of Dothan. The Defendant City of Dothan admits it is a municipal corporation under the laws of the State of Alabama. The Defendant City of Dothan denies all other allegations contained in paragraph one of Plaintiffs' amended complaint.

2. The Defendant City of Dothan admits that at the time of the incident Plaintiffs Soza and Oliver were in the military and stationed at Fort Rucker, Alabama. The Defendant is without sufficient information to admit or deny the Plaintiffs' allegations regarding their military duties at Fort Rucker, their current military status or place of residence, therefore, the Defendant denies these and all other allegations contained in paragraph two of the Plaintiffs' amended complaint.

## STATEMENT OF JURISDICTION

3. The Defendant City of Dothan admits that this court has jurisdiction over a claim brought pursuant to 42 U.S.C. § 1983 and 1988. The Defendant denies the remaining allegations in paragraph three of Plaintiffs' amended complaint.

4. The Defendant City of Dothan denies the amount in controversy exceeds $75,000.00 as stated in paragraph four of Plaintiffs' amended complaint.

## COUNT I

## 42 U.S.C. § 1983

5. The Defendant City of Dothan denies it has or had a policy or custom that allowed or condoned the use of excessive, unreasonable and unlawful force to be used in violation of the Fourth and Fourteenth Amendments to the Constitution. Furthermore, the Defendant denies that Plaintiff Oliver was subjected to excessive,

unreasonable or unlawful force.  The Defendant denies all other allegations contained in paragraph five of Plaintiffs' amended complaint.

      6.      The Defendant City of Dothan denies the allegations contained in paragraph six of Plaintiffs' amended complaint.

## COUNT II

## 42 U.S.C. § 1983

      7.      The Defendant City of Dothan denies it has or had a policy or custom that allowed or condoned the use of excessive, unreasonable and unlawful force to be used in violation of the Fourth and Fourteenth Amendments to the Constitution. Furthermore, Defendant denies that Plaintiff Soza was subjected to excessive, unreasonable or unlawful force.  The Defendant denies all other allegations contained in paragraph seven of the Plaintiffs' amended complaint.

      8.      The Defendant City of Dothan denies the allegations contained in paragraph eight of the Plaintiffs' amended complaint.

## COUNT III

## Assault and Battery

      9.      The Defendant City of Dothan denies that Douglas Johnson or any other police officer committed assault and battery upon Plaintiff, Oliver.  The

Defendant City of Dothan denies all other allegations contained in paragraph nine of Plaintiffs' amended complaint.

10. The Defendant City of Dothan denies the allegations contained in paragraph ten of Plaintiffs' amended complaint.

## COUNT IV

### Assault and Battery

11. The Defendant City of Dothan denies that Douglas Johnson or any other police officer committed assault and battery upon Plaintiff Soza. The Defendant City of Dothan denies all other allegations contained in paragraph eleven of the Plaintiffs' amended complaint.

12. The Defendant City of Dothan denies the allegations contained in paragraph twelve of the Plaintiffs' amended complaint.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.

2. The Defendant asserts the Plaintiffs were not subject to unreasonable, unlawful or excessive force during their arrest.

3. The Defendant asserts that it is entitled to substantive immunity.

4. The Defendant asserts that it is entitled to state agent immunity.

5. The Defendant asserts the Plaintiffs' claim under § 42 U.S.C. § 1983 is barred to the extent it is based upon the doctrine of respondeat superior.

6. The Defendant asserts the Plaintiffs' amended complaint, or portions thereof, are barred by Ala. Code § 11-47-190 (1975).

7. The Defendant asserts that Plaintiffs' amended complaint, or portions thereof, is barred because Plaintiffs have failed to allege any protectable interests under the Fourth or Fourteenth Amendments to the Constitution.

8. The Defendant asserts it cannot be liable for intentional actions of its employees pursuant to Ala. Code § 11-47-190 (1975).

9. The Defendant asserts it is entitled to discretionary function immunity pursuant to Ala. Code § 6-5-338 (1975).

10. The Defendant asserts that any recovery on the Plaintiffs' state law claims against the Defendant City of Dothan would be limited under Ala. Code § 11-47-190 and § 11-93-2 (1975).

11. The Defendant asserts the affirmative defense of contributory negligence.

12. The Defendant asserts the affirmative defense of assumption of the risk.

13. The Defendant asserts that the Plaintiffs' amended complaint or portions thereof is barred by estoppel, res judicata, collateral estoppel and unclean hands.

14. The Defendant asserts the affirmative defense that a policy or custom was not the moving force behind any alleged constitutional violation in this case.

Dated this 17th day of November, 2006.

s/ F. Lenton White
F. Lenton White (WHI035)
Attorney for City of Dothan, Alabama
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

s/ D. Kevan Kelly
D. Kevan Kelly (KEL025)
Assistant City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Charles N. Reese, Esq.

s/ D. Kevan Kelly
Of Counsel